# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

GINA MICELI,

        Plaintiffs,

vs.

CITIGROUP, INC dba, CITIBANK; JEFFREY DUNMIRE,

        Defendants.

2:15-cv-01962-GMN-VCF

**ORDER**

Before the court is Defendants' Motion to Stay Pending the Court's Decision on Defendants' Motion to Compel Arbitration (#21).  Plaintiff filed an opposition (#23) and Defendants filed their reply (#25).

## BACKGROUND

On October 9, 2015, plaintiff Miceli filed her complaint against defendants Citigroup, Inc. dba Citibank and Jeffrey Dunmire, alleging claims for (1) Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. 1981a.  (#1).  On February 9, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint and Compel Arbitration (#15).

Defendants ask this court to stay all pre-trial obligations, including discovery, pending a decision on defendants' Motion to Dismiss Plaintiff's Complaint and Compel Arbitration (#15).  Defendants argue that a stay is warranted, because "[o]nce presented with a motion to compel arbitration, the court's jurisdiction and, in turn, any discovery, is limited only to determining whether the dispute is arbitrable." *Id.*  Defendants assert that courts in the Ninth Circuit regularly stay discovery in similar situations "to ensure that parties seeking to enforce an arbitration agreement are not irreparably harmed by the loss of the advantages of arbitration – speed and efficiency – while the arbitration agreement is still being

litigated." *Id.* Defendants assert that the brief stay will not create any harm or prejudice to either party. *Id.* Plaintiff opposes and states that she is not required to submit to arbitration; thus, staying this case is unfavorable to her.

## **LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED.R.CIV.P. 26(B)(2)(iii).

Federal Rule of Civil Procedure 26(f)(1) states that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2). The discovery plan must state, among other things, the parties' views and proposals on "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues..." Fed. R. Civ. P. 26(f)(3)(B).

While a court is determining the issue of whether an action should be stayed and the parties compelled to arbitrate, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999)(citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *see*

*also Sparking v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988).  "[D]iscovery and a full trial in connection with a motion to compel arbitration" is permitted under 9 U.S. § 4 only if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." *Id* ; 9 U.S. § 4.  To require the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be "deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).

## DISCUSSION

If the motion to compel arbitration is granted and the "dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators..." *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir.2002) (citing 9 U.S.C. § 7).  It is in the interest of conserving the resources of the parties and the court to stay discovery in this action pending a determination of the motion to compel arbitration. *See Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal.2007) (holding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration").  Here, in the interest of conserving resources, staying discovery pending a ruling on the motion to compel arbitration (#21) is warranted.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Early Neutral Evaluation Session scheduled for April 19, 2016 is VACATED.

IT IS FURTHER ORDERED that the Defendants' Motion to Stay Pending the Court's Decision on Defendants' Motion to Compel Arbitration (#21) is hereby GRANTED. In the event resolution of Defendant's motion to dismiss and compel arbitration (#15) does not result in the disposition of this case, the parties must file a proposed joint discovery plan and scheduling order with five proposed agreeable dates for the Early Neutral Evaluation session, within 21 days of the issuance of the order on docket #15.

1     IT IS FURTHER ORDERED that a status hearing is scheduled for 11:00 a.m., October 3, 2016,

2 in courtroom 3D.

3 DATED this 22nd day of March, 2016.

 

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE